*Attachment A - <u>Bivens</u> Complaint form*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA



FILED
APR 17 2015
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

Sylvester Kelly           #71646-083

*(Enter above the full name of the plaintiff or plaintiffs in this action)*     *(Inmate Reg. # of each Plaintiff)*

v.

United States of America;     CIVIL ACTION NO. 1:15-4914
Karen F. Hogsten (Warden); D. Friss (Associate Warden); William Goode (Physician Assistant); Ashley Stark (Physician Assistant); Kelly Lucas (Health Service Administrator); and H. Matos (Doctor), Individually and in their official capacities.     *(Number to be assigned by Court)*

*(Enter above the full name of the defendant or defendants in this action)*

Defendant(s).

## COMPLAINT

I. **Parties**

     A.    Name of Plaintiff:    Sylvester Kelly

            Inmate No.:    #71646-083

            Address:    McDowell Federal Correctional Institution
                          P.O. Box 1009, Welch, WV 24801

B. Additional Plaintiff(s) (provide the same information for each plaintiff as listed in Item A above).

Name of Plaintiff: _____

Inmate No.: _____

Address: _____

Name of Plaintiff: _____

Inmate No.: _____

Address: _____

C. Name of Defendant: United States of America (FCI McDowell Medical Staff and its Administration): Starting with:

Position: Karen F. Hogsten (Warden 2013)

Place of Employment: Federal Correctional Institution, McDowell P.O. Box 1009; Welch, WV 24801

D. Additional Defendant(s) (provide the same information for each defendant as listed in Item C above):

Name of Defendant: D. Friss

Position: Associate Warden

Place of Employment: Federal Correctional Institution, McDowell P.O. Box 1009; Welch, WV 24801

Name of Defendant: William Goode

Position: Physician Assistant

Place of Employment: Federal Correctional Institution, McDowell P.O. Box 1009; Welch, WV 24801

[See attached page for more]

(Continued from page 2; Additional Defendant(s):

Name of Defendant: Ashley Stark
Position: Physician Assistant
Place of Emp: Federal Correctional Institution, McDowell
P.O. Box 1009
Welch, WV 24801

Name of Defendant: Kelly Lucas
Position: Health Service Administrator
Place of Emp: Federal Correctional Institution, McDowell
P.O. Box 1009; Welch, WV 24801

Name of Defendant: H. Matos
Position: Institutional Doctor
Place of Emp: Federal Correctional Institution, McDowell
P.O. Box 1009; Welch, WV 24801

II. **Place of Present Confinement**

Name of Prison/Institution: <u>Federal Correctional Institution, McDowell</u>

A. Is this where the events concerning your complaint took place?

Yes <u>[Yes]</u>   No _____

If you answered "no," where did the events occur? _____

_____

B. Is there a prisoner grievance procedure in this institution?

Yes <u>[Yes]</u>   No _____

C. Did you present the facts relating to your complaint in the prisoner grievance procedure?   Yes <u>[Yes]</u>   No _____

If you answered "no," explain why not: _____

_____

If you answered "yes," what was the result at level one, level two and level three (attach grievances and responses): <u>On each level it was 'denied'.</u>

<u>All Administrative Remedies have been exhausted.</u>

III. **Previous Lawsuits**

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise related to your imprisonments?

Yes _____   No <u>[No]</u>

B. If your answer to A is "yes," describe the lawsuit in the space below. If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.

1. Parties to the previous lawsuit:

Plaintiff(s): <u>N/A</u>

Defendant(s): <u>N/A</u>

3

2. Court (if federal court, name the district; if state court, name the county);

    N/A

3. Docket Number: N/A

4. Name of judge to whom case was assigned: N/A

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)
    N/A

6. Approximate date of filing lawsuit: N/A

7. Approximate date of disposition: N/A

## IV. Statement of Claim

State here, as briefly as possible, the facts of your case. Describe what each defendant did to violate your constitutional rights. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets of paper if necessary.)

[SEE ATTACHED DETAILED BRIEF]

Sylvester Kelly # 71646-083
Bivens Action
Attached pages [1-5]

## FACTS

1.  On February 8, 2013, I, Sylvester Kelly, first suffered from extreme chest pains, nausea, and dizziness; which derived from a stomach bacterium infection called Helicobacter pylori (H.pylori). This stomach bacterium infection went misdiagnosis/nondiagnosed several times over the course of the 2013 calender year by The F.C.I. McDoowell staff, nurses, physicians assistants.

Plaintiff had no idea what was wrong with his body and went to medical sick-call on numerous occassion throughout the entire year of 2013; but was constantly turned way. [See Exhibit 1]

Plaintiff sent emails to Defendant Kelly Lucas, Health Service Administrator; Defendant Karen F. Hogsten, Warden; and Defendant D. Friss, Assocaite Warden; (who oversees the Medical Department), that he was being denied medical treatment concerning ongoing chest pain. [See Exhibit 4]

2.  The Administration at F.C.I McDowell willingly, knowingly, and intentionally disregarded Plaintiff's chest pains (serious medical need) by neglecting to perform their duties by continually turning Plaintiff away from sick-call without being properly examined. The Administration disregarded an showed indifference that a large fraction of the inmate population were contracting this same stomach bacterium infection.
The administration also had actual knowledge that there were deficiencies in the medical care system that created a risk of the kind of harm that happened to Plaintiff. [See Exhibit 5]

3. Defendant Kelly Lucas, Health Service Administrator; was informed that Plaintiff was being denied medical treatment by his care provider, as well as Doctor H. Matos's refusal to properly supervise his staff in the procedure of treating Plaintiff's symptoms and illness. The Defendant Kelly Lucas had turned a blind eye to Plaintiff's concerns and pleas for medical assistance. Defendant Kelly Lucas constanly refused to become involved, and after Plaintiff's numerous sick-call visits, she refused to have him seen and treated.

4. Defendant H. Matos, Doctor; had failed to supervise his medical personnel on the proper procedures on how to administer an effective response in providing adequate triaged to combat the serious illness that Plaintiff was suffering. Plaintiff had complained to medical staff of the symptoms effecting him. Doctor H. Matos and his staff simply informed Plaintiff that nothing was wrong. Plaintiff reported his symptoms to Doctor H. Matos, he (Doctor H. Matos) had refused to provide Plaintiff with stool sample testing. Doctor H. Matos had also refused to provide to Plaintiff a complete and thorough examination so that treatment could be rendered.

5. Defendant William Goode, Physician Assistant; unnecessarily prolonged Plaintiff's pain and suffering of chest pains (serious medical need) by denying and delaying to see him when making numerous sick-call visits.
On August 1, 2013, Defendant William Goode, proscribed Plaintiff inappropriate medication (Amoxicillin) for epigastric pain and bloating with diarrhea without conducting diagnostic test or a complete and thorough examination that Plaintiff symptoms call for. Defendant William Goode failed in his duty and responsibility to utilize ordinary knowledge, skill, and care to figure out Plaintiff's illness.

6. Defendant Ashley Stark, Physician Assistant; unnecessarily prolonged Plaintiff's pain and suffering of chest pains (serious medical need) by delayed discovery and delayed treatment of Plaintiff's Helicobacter pylori bacterium infection for 30 days. On January 8, 2014, Defendant Ashley Stark, conducted a blood test, and the result was that Plaintiff tested positive for Helicobacter pylori. Defendant Ashley Stark fail to treat Plaintiff for his stomach bacterium infection (H.pylori) because she fail to obtain and review Plaintiff's medical records to discover his infection/illness.
On February 7, 2014, Plaintiff appeared for medical sick-call complaining of chest pains. Defendant Ashley Stark had refused to see Plaintiff and sent Nurse N. Dufour to inform Plaintiff that 'nothing is wrong with him'. Plaintiff then requested for his January 8, 2014, blood test results and upon a close examination of his documented medical blood test results he discover he was positive for H.pylori. Plaintiff then reported this positive result for H.pylori to Nurse N. Dufour, who took Plaintiff's documented medical blood test results to Defendant Ashley Stark. Defendant Ashley Stark then call Plaintiff into her office and inform him that he was positive for H.pylori, and further stated, 'this is the cause of your chest pains'. Defendant Ashley Stark fail to exercise ordinary knowledge, skill, and care to figure out Plaintiff's pain, suffering and illness.

7. Defendant Karen F. Hogsten, Warden; had turned a blind eye to the neglect that was taking place with the denial of Plaintiff's medical treatment. Defendant Karen F. Hogsten had refused to investigate and respond to the pleas of Plaintiff to provide him with adequate medical care. Defendant Karen F. Hogsten also failed in her duty and responsibility as Chief Administrator to properly supervise her staff/employees. Since prisoners cannot obtain

-3-

their own medical service, the Constitution requires prisoner authorities to provide them with "reasonable/adequate" medical care by qualified medical personnel who provide efficient quality service that is most acceptable when measured by prudent professional standards in the community. The Defendant Karen F. Hogsten blatantly violated Plaintiff's Constitutional Right under the Eighth Amendment after she refused to order her medical staff to provide adequate healthcare.

8.   Defendant D. Friss, Assisociate Warden/Acting Warden, had faild to get involved with having Plaintiff seen and treated. When Plaintiff reported being denied medical treatment for pain and suffering of chest pains, Defendant D. Friss told Plaintiff **"we can't find nothing wrong with you, we will just have to push your care level up and get you out here."** Defendant D. Friss, had acted with negligent and ommission by treating Plaintiff's medical condition in a carelessly easy manner.

Each of the named Defendants have violated Plaintiff's Constitutional Rights by not providing adequate medical healthcare in their individual and official capacity; causing Plaintiff undo stress and fear for his well-being.

9.   I, Plaintiff, Sylvester Kelly, became ill in 2013 at F.C.I. McDowell and was denied medical treatment for a year after contracting a bacterium infection Helicobacter pylori (H.pylori). Each of the named Defendants acted with deliberate indifference, recklessness, medical malpractice, and actual malice (intent to cause harm), by denying adequate medical care. Plaintiff is left with feeling the effects of the bacterium infection (H.pylori). Plaintiff continue to suffer from headaches, stomach pains, pain in passing stool, diarrhea, low back pains, ulcers, depression, and Gastrointestinal Reflux Disease (GERD), and Plaintiff continue to be denied medical care to combat these

ongoing effects. Plaintiff's Eighth Amendment Constitutional Right has been, and continues to be violated by the Defendants. Each of the Defendants are being sued in their individual and official capacities.

                    Respectfully submitted,

/s/ *Sylvester Kelly*
      Sylvester Kelly, Pro-Se Plaintiff

## V. Relief

<u>State briefly and exactly what you want the Court to do for you.</u> Make no legal arguments. Cite no cases or statutes.

Plaintiff seeks compensatory damages for his physical injury (Helicobacter pylori; H.pylori), and for the loss of privileges and quality of life in his prison living conditions; resulting from the pain and suffering the illness has caused on his body, thus, interferring with Plaintiff's daily activities.

Plaintiff separately, and in additionally, seeks compensatory damage award for mental and emotional distress resulting from his prolonged pain and suffering at the hands of McDowell's Medical Staff.

Plaintiff also seeks punitive damages against Defendants: Karen F. Hogsten, D. Friss, Kelly Lucas, William Goode, Ashley Stark and H. Matos for their willful and malicious conduct towards providing inadequate medical care. In summary: Plaintiff is seeking compensation for three separate injuries/damages: [physical injury; mental and emotional injury; and punitive

[See attached page]

Signed this <u>14th</u> day of <u>April</u>, 20<u>15</u>.

_____
Sylvester Kelly
Signature of Plaintiff or Plaintiffs

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on <u>April 14, 2015</u>.
         (Date)

_____
Sylvester Kelly
Signature of Plaintiff

5

# RELIEF

(Continued from previous page "5")

damages.

    All damages should be awarded in dollar amounts that will satisfactorily compensate Plaintiff for his endured neglect (of Medical Staff) and for the toll the H.pylori bacteria infection has taken on his body.