IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

SYLVESTER KELLY,

      Plaintiff,

v.                        Civil Action No: 1:15-04914

UNITED STATES OF AMERICA, et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

     Pending before the court are defendants' motion to dismiss or, in the alternative, motion for summary judgment, (Doc. No. 26), plaintiff's motion for restraining order against medical staff, (Doc. Nos. 36, 37), plaintiff's motion for temporary restraining order or preliminary injunction, (Doc. No. 43), plaintiff's motion for enlargement of time to file objections to the court's proposed findings and recommendation, (Doc. No. 62), and plaintiff's motion for reconsideration of his motion for appointment of counsel. (Doc. No. 64). For the reasons that follow, defendants' motion is **GRANTED** and plaintiff's motions are **DENIED**.

**I.    Procedural Background**

     By Order, this matter was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed

1

findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 51). The magistrate judge submitted his proposed findings and recommendation ("PF&R") on January 15, 2016. (Doc. No. 52). In the PF&R, Magistrate Judge Aboulhosn recommended that the court grant defendants' motion to dismiss or, in the alternative, motion for summary judgment, deny plaintiff's motion for a restraining order, deny plaintiff's motion for temporary restraining order or preliminary injunction, and remove this matter from the court's docket. (Doc. No. 52 at 42).

In accordance with the provisions of 28 U.S.C. § 636(b), plaintiff was allotted fourteen days, plus three mailing days, in which to file any objections to the PF&R. Plaintiff requested, and received, two additional extensions of time in which to file objections. (Doc. Nos. 56, 60). In its second order granting plaintiff additional time to file objections to the PF&R, the court warned plaintiff that it would not look favorably upon further requests for extension and ordered plaintiff's objections due on or before February 24, 2016. (Doc. No. 60 at 1).

Plaintiff filed objections to the PF&R on March 8, 2016 along with another motion for extension of time to file objections and a motion for reconsideration of the court's denial of his motion for appointment of counsel. (Doc. Nos. 62,

63, 64).  Plaintiff's objections are not timely and, as a result, the court need not conduct de novo review of the magistrate judge's PF&R.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).  However, even if plaintiff's filings were timely, the court would nevertheless overrule his objections and adopt the PF&R because plaintiff's arguments lack merit.

**II.   Factual Background**

According to plaintiff's medical records, he first arrived at Federal Correctional Institute ("FCI") McDowell on November 30, 2011 and was found to be in good health, aside from an ingrown toenail.  (Doc. No. 52 at 9).  In the years following his arrival at FCI McDowell, plaintiff made numerous trips to Health Services, either by appointment or through sick call. Id. at 9–17.  Plaintiff typically complained of chest pain and stomach pain, but occasionally presented other complaints, such as blurred vision, ear ache, and/or nausea.  Id. at 11–14.  Each time he reported to Health Services, a staff member investigated plaintiff's symptoms and suggested treatment options.  Id.  From 2011 to 2015, plaintiff's medical records indicate that he received EKGs on eight separate occasions, all revealing normal results aside from an irregular heartbeat on three occasions; three abdominal x-rays, all with negative results aside from constipation; and two chest x-rays, both with negative results. Id. at 10–17.

3

One of the many standard tests that plaintiff typically received during his visits to Health Services was a test for helicobacter pylori, also known as H. pylori.  Id. at 11–17. This bacteria is a common cause of peptic ulcers, but most of those infected with the bacteria never have any symptoms or signs of infection.[1]  While the precise way that H. pylori infects someone is still unknown, it is believed that the bacteria spreads through direct contact with contaminated saliva, vomit, or fecal matter and through contaminated food or water.  Typically, doctors treat H. pylori infections with antibiotics, and such is the case at FCI McDowell.  Id. at 13.

Despite testing negative for H. pylori previously, plaintiff tested positive for the infection in early 2014.  Id. at 12.  Medical staff at FCI McDowell reviewed plaintiff's diagnosis with him, prescribed a 14-day regimen of antibiotics, and explained to plaintiff the importance of taking his medication regularly.  Id. at 13.  At this time, as on a number of prior occasions, medical staff reiterated the importance of a proper diet and encouraged plaintiff to purchase over-the-counter antacids from the commissary.  Id.  Medical staff

---

[1] Mayo Clinic Staff, Diseases and Conditions:  H. pylori infection, The Mayo Clinic (June 5, 2014), http://www.mayoclinic.org/diseases-conditions/h-pylori/basics/definition/CON-20030903?p=1.

4

further advised plaintiff to wash his hands frequently before
meals.  Id.

When plaintiff's complaints of stomach pains persisted,
medical staff reviewed his commissary purchases and discovered
that plaintiff had not followed their dietary recommendations.
Id. at 13–14.  Instead, plaintiff routinely purchased honey
pepper turkey logs, barbecue corn chips, honey buns, chocolate
chip cookies, Cajun chicken soup, and assorted candy bars, among
other food items.  Id. at 13–16.  And plaintiff did not purchase
over-the-counter antacids from the commissary, even after
medical staff provided him with medical commissary slips for
Zantac.  Id. at 14.  Plaintiff repeatedly presented at Medical
Services complaining of stomach and abdominal pain but, by mid-
June, his H. pylori infection was clear and he did not test
positive for the infection again.  Id. at 14, 17.

On April 17, 2015, plaintiff filed a complaint seeking
relief pursuant to the Federal Tort Claims Act ("FTCA") and
alleging violations of his constitutional and civil rights
pursuant to Bivens v. Six Unknown Federal Agents of the Federal
Bureau of Narcotics, 403 U.S. 388 (1971).  (Doc. No. 2).
Plaintiff named seven defendants in his complaint, alleging
negligence and deliberate indifference in the diagnosis and
treatment of his H. pylori infection.  Id.  In the PF&R, the
magistrate judge made the following findings:

5

1. That defendant Lucas is entitled to absolute immunity as a Commissioned Officer in the United States Public Health Service;

2. That plaintiff's complaint evidenced no personal involvement in plaintiff's medical treatment by either defendants Hogsten or Friss;

3. That defendants Goode, Stark, and Matos did not act with deliberate indifference with regards to plaintiff's H. pylori infection;

4. That plaintiff failed to provide pre-suit notice of his claim as required by the West Virginia Medical Professional Liability Act, precluding his FTCA claim against the United States; and

5. That plaintiff could not establish the likelihood of irreparable harm or of success on the merits of his complaint, thereby precluding a restraining order or injunctive relief.

Id. at 20-42.  As a result, the magistrate judge recommended granting defendants' motion to dismiss or, in the alternative, for summary judgment, denying plaintiff's motion for a temporary restraining order against the medical staff of FCI McDowell, and denying plaintiff's motion for temporary restraining order or preliminary injunction.  Id. at 42.

### III.  Analysis

Plaintiff raises a number of arguments in his filing, but few of these relate to the legal analysis provided in the PF&R. Instead, the majority of plaintiff's objections relate to the factual findings reached by the magistrate judge.  Specifically, plaintiff objects to the PF&R's inclusion of certain statements made by defendants prior to February 8, 2013 and after February 7, 2014 as "outside of time frame;" to the finding that defendants evaluated plaintiff following his sick call requests;

6

to the inclusion of medical records before 2013; to the exclusion of plaintiff's declaration regarding his medical treatment; to the exclusion of his prescription for Amoxicillin; and to the PF&R's finding that defendant Stark scheduled a follow-up urea breath test for H. pylori.  (Doc. No. 63 at 1-3).

However, the court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Veney v. Wyche et al., 293 F.3d 726, 730 (4th Cir. 2002) (citing Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)).  Nor must the court "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Id.  Plaintiff's filing does not offer any reason for the court to discredit the factual findings contained in the PF&R or provide any documentation indicating that these findings are false.  Having reviewed plaintiff's medical records, the court concurs with the magistrate judge's factual findings.  As a result, plaintiff's objections to these findings are overruled.

Additionally, plaintiff objects to the PF&R's conclusion that defendant Lucas is entitled to absolute immunity, rather than qualified immunity.  Public Health Service ("PHS") employees are immune from personal liability actions arising from the performance of their official duties.  Hui v. Castaneda, 559 U.S. 799, 806 (2010) ("Section 233(a) [of Title

7

42 of the United States Code] grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct.").  As defendant Lucas is a Commissioned Officer in the United States Public Health Service, 42 U.S.C. § 233(a) explicitly grants her with absolute immunity from actions related to the performance of her employment, such as the one filed by plaintiff.  Therefore, the court concurs with the PF&R's finding that defendant Lucas is entitled to absolute immunity and plaintiff's objection is overruled.

Plaintiff further objects to the PF&R's conclusion that his FTCA claim is subject to dismissal because he did not provide pre-suit notice of his claim pursuant to the West Virginia Medical Professional Liability Act.  Plaintiff argues that he "has been put in an unfair disadvantage by Defendants because McDowell's law library do [sic] not provide West Virginia Law." (Doc. No. 63 at 2).  While the court holds plaintiff's filings to a lesser standard than those filed by an attorney, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), plaintiff must nevertheless abide by all legal and procedural requirements.

For those plaintiffs who seek redress for medical malpractice against a health care provider located in the state of West Virginia, West Virginia Code § 55-7B-6(c) requires the

8

filing of a certificate of merit before those plaintiffs may initiate a legal action.  Only in cases where a plaintiff's cause of action "is based upon a well-established legal theory of liability" and does not require expert testimony is a plaintiff excused from filing this certificate.  Id.  The magistrate judge concluded that plaintiff's case would require expert testimony to determine the appropriate diagnostic testing and treatment options for a H. pylori infection as the bacteria and infection are uncommon and outside the scope of a lay juror's knowledge.  Because plaintiff did not file a screening certificate and was not exempt from doing so, the magistrate judge concluded that his FTCA claim against the United States should be dismissed.  Plaintiff does not contend in his objections that expert testimony would be unnecessary to adjudicate his claims, that his cause of action is based upon a well-established legal theory or liability, or provide any evidence that he filed the necessary certificate.  As a result, his claim is not exempt from the screening requirement and, consequently, the law required the filing of a certificate of merit before plaintiff could bring a medical malpractice claim. Accordingly, plaintiff's objection is overruled.

Finally, plaintiff objects to "whether Defendant Goode, Stark, and Matos acted with deliberat [sic] indifference to health and safety under the subjective standard; because (i)

9

Defendant Goode and Matos [sic] failed to answer the complaint against them." (Doc. No. 63 at 3).  To the extent that plaintiff objects that these defendants did not answer his complaints with regard to his treatment, the court finds that the PF&R thoroughly documents the extensive care that plaintiff received while incarcerated at FCI McDowell and supports the conclusion that defendants did not knowingly disregard plaintiff's positive H. pylori test or fail to provide him with adequate treatment.  To the extent that plaintiff objects that these defendants did not answer his complaint as filed with this court, the court finds that the defendants did not need to file an answer before filing their motion to dismiss for failure to state a claim.  Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.").  Accordingly, plaintiff's objection is overruled.

Finally, the court has considered plaintiff's third motion for an enlargement of time to file his objections, (Doc. No. 62), and his motion for reconsideration of the court's denial of his motion for appointment of counsel.  (Doc. No. 64).  As stated above, plaintiff received two extensions to file his objections but still failed to do so in a timely fashion.  His arguments do not evidence good cause for a third extension. Having reviewed plaintiff's motion for appointment of counsel

and the magistrate judge's denial, the court finds no need for reconsideration as plaintiff's case lacks merit and, as plaintiff himself conceded, he received legal assistance on his filings from an experienced attorney at FCI McDowell.  (Doc. No. 64 at 2).  Accordingly, both of these motions are **DENIED**.

**IV.  Conclusion**

For the reasons stated above, the court **OVERRULES** plaintiff's objections to the PF&R.  The court **ADOPTS** the factual and legal analysis contained within the PF&R, **GRANTS** defendants' motion to dismiss or, in the alternative, for summary judgment, (Doc. No. 26), **DENIES** plaintiff's motion for a restraining order against the medical staff at FCI McDowell, (Doc. Nos. 36, 37), **DENIES** plaintiff's motion for a temporary restraining order or preliminary injunction, (Doc. No. 43), **DENIES** plaintiff's motion for an extension of time to file objections to the PF&R, (Doc. No. 62), **DENIES** plaintiff's motion to reconsider his motion for appointment of counsel, (Doc. No. 64), and **DISMISSES** this matter from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to plaintiff, pro se.

**IT IS SO ORDERED** on this 17th day of March, 2016.

ENTER:

David A. Faber
Senior United States District Judge

11